IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) |
| | ) CR 8-56 |
| v. | ) CV 16-58 |
| | ) |
| JOHNNY RAY ROBERTS | |

**OPINION AND ORDER**

**SYNOPSIS**

On August 6, 2009, a jury convicted Defendant on one Count of violating 18 U.S.C. §§ 922(g) and 924(e). [1] On November 24, 2009, he was sentenced to a term of imprisonment of 188 months, to be served consecutively to a state court sentence, followed by a term of supervised release. The Court of Appeals affirmed. Subsequently, Defendant filed a Motion pursuant to 28 U.S.C. § 2255. The Motion was stayed, at Defendant's request. After the stay was lifted, the Motion was dismissed as moot due to the filing of an Amended Motion pursuant to Section 2255, which is now pending. Therein, Defendant challenges his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which the Court predicated on prior convictions for aggravated assault, robbery, and attempted homicide/murder. For the following reasons, Defendant's Motion will be granted, and this matter scheduled for resentencing.

**OPINION**

**I.     APPLICABLE STANDARDS**

A prisoner in federal custody may move to vacate his sentence under 28 U.S.C. § 2255 if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is available only when 'the claimed error of law was a

---

[1] Judge Cohill, and then Judge Hornak, presided over this matter until it was transferred to our docket on September 14, 2018.

1

fundamental defect which inherently results in a complete miscarriage of justice, and ... present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014) (quoting Davis v. United States, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L.Ed.2d 109 (1974)). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 F. App'x 402, 404 (3d Cir. 2004). In this case, an evidentiary hearing is unnecessary, and the Motion will be disposed of on the record.

## II.     DEFENDANT'S MOTION

Defendant contends that after Johnson v. United States,     U.S.    , 135 S. Ct. 2551, 192 L Ed. 2d 569 (2015) ("Johnson II"), the predicate offenses on which his ACCA sentence was based are no longer valid.

As a threshold matter, I address the Government's contention that Defendant cannot demonstrate that his sentence did, in fact, rest on ACCA's now-invalid residual clause; and that Defendant's Motion arises under Johnson v. United States, 559 U.S. 133, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010) ("Johnson I") rather than Johnson II. This Court has rejected such a burden allocation. See, e.g., United States v. Wilson, No. 12-09, 2017 U.S. Dist. LEXIS 42175, at **3-4 (W.D. Pa. Mar. 23, 2017). Instead, in this context, the Government bears the burden of demonstrating that a sentencing enhancement is valid. E.g., United States v. Sunday, No. 8-393, 2017 U.S. Dist. LEXIS 8264, at *2 (W.D. Pa. Jan. 20, 2017). I further note, as the Government concedes, that the sentencing Court here stated that ACCA defined "violent felony" "as, among other things," the residual clause definition. Although the Government argued that ACCA's "force" or elements clause applied to certain of Defendant's prior convictions, the fact remains

that Defendant's sentence "may have been based on the residual clause." See, e.g., United States v. Mayo, 901 F.3d 218, 224 (3d Cir. 2018). After Johnson I, Defendant might have been able to challenge the application of ACCA's elements/force clause, but the residual clause still supplied a potential foundation for the sentence. It was not until Johnson II that the foundation crumbled, and became subject to challenge. Accordingly, Defendant's Motion is fairly read as arising under Johnson II, and the Court will entertain his argument.

An ACCA sentence must be based on three convictions for "violent felonies," the definition of which includes a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

Defendant's aggravated assault conviction arose under 18 Pa.C.S.A. § 2702. The Government cites to the version of the statute in effect at the time of conviction, which read, in pertinent part, as follows:

> (a) A person is guilty of aggravated assault if he:
> (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;
> (2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to a police officer making or attempting to make a lawful arrest;
> (3) attempts to cause or intentionally or knowingly causes bodily injury to a police officer making or attempting to make a lawful arrest; or
> (4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon.

18 Pa. Cons Stat. § 2702(a) (1973).

Section 2702 has been held divisible and subject to a modified categorical approach, which permits a reviewing court to look to certain extra-statutory documents to determine which version of the offense formed the basis for a defendant's sentence. United States v. Ramos, 892 F.3d 599, 607 (3d Cir. 2018); United States v. Barfield, No. 09-93, 2017 U.S. Dist. LEXIS 27558, at *12-13 (W.D. Pa. Feb. 28, 2017). In this case, the Government acknowledges that the

conviction on which the Court relied arose under Section 2702(a)(1). Indeed, the Information to which he pleaded mirrors the language of Section 2702(a)(1):

> [Defendant] did attempt to cause serious bodily injury to another person, or cause such injury intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life…and thereby did he commit the crime of Aggravated Assault….

Government Response, Docket No. 83, Ex. 1.

Previously, I have declined to depart from decisions finding that a violation of Section 2701(a)(1) is not a qualifying predicate offense. United States v. Wilson, No. 6-97, 2017 U.S. Dist. LEXIS 140262, at *3 (W.D. Pa. Aug. 31, 2017) (citing cases). Fairly recently, our Court of Appeals reviewed the identical language of Section 27012(a)(1), and confirmed that it "does not necessarily require proof that a defendant engaged in any affirmative use of 'physical force' against another person. Mayo, 901 F.3d at 226 (3d Cir. 2018). "In sum, because Pennsylvania aggravated assault under § 2702(a)(1) criminalizes certain acts of omission, it sweeps more broadly than the ACCA's definition of physical force.'" Id. at 230.[2] In reaching its decision, the Court of Appeals rejected the Government's argument based on United States v. Castleman, 572 U.S. 157, 134 S. Ct. 1405, 188 L. Ed. 2d 426 (2014), which is similar to that raised by the Government in this case. Mayo, 901 F. 3d at 228-229. Defendant's prior conviction for violating Section 2702(a)(1), on which his ACCA sentence was partially based, is no longer a valid predicate.

The Government points, however, to an additional aggravated assault conviction that it contends would support Defendant's sentence. "It may well be that … [other] convictions would support the same sentence as that originally imposed, but they did not in fact form the basis of

---

[2] I note, too, that Section 2702(a)(1) has been found an invalid predicate on grounds that it criminalizes reckless conduct. Johnson v. United States, No. 08-018, 2018 U.S. Dist. LEXIS 32753, at *10 (M.D. Pa. Feb. 28, 2018) (collecting cases).

Defendant's sentence. Accordingly, to that extent, Defendant has not had the benefit of a full and fair hearing, or other proceedings that typically occur prior to sentencing." United States v. McColley, No. 7-45, 2016 U.S. Dist. LEXIS 38760, at *7 (W.D. Pa. Mar. 24, 2016).  In particular, the Government refers to Count 6 at docket 2525 of 1989, which charges Defendant with violating Section 2702(a)(4).  This Count was one of the four sets of prior convictions identified in the PSR as supporting an ACCA sentence, and thus Defendant was not deprived of customary process as to that conviction. Nonetheless, the law has seen dramatic developments since 2009, and the parties now dispute the validity of various predicates identified in the PSR. Justice requires vacating Defendant's sentence and considering it anew, even if the outcome might ultimately remain unchanged.

## CONCLUSION

In conclusion, Defendant's Motion will be granted, to the extent that his ACCA sentence was not based on three valid predicate offenses. His sentence will be vacated. The Government contends that an ACCA sentence remains appropriate, and the Court will resolve this threshold issue prior to scheduling a sentencing hearing. The Government shall submit a sentencing memorandum regarding the applicability of ACCA, along with all supporting documentation, by April 4, 2019. The Defendant shall submit his response by April 18, 2019.  An appropriate Order follows.

BY THE COURT:

*Donetta F. Ambrose*
_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: March 21, 2019

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR 8-56 |
| v. | ) CV 16-58 |
| | ) |
| JOHNNY RAY ROBERTS | |

**ORDER**

AND NOW, this 21st day of March, 2019, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion is GRANTED. His sentence is hereby vacated, pending resentencing. The Government contends that an ACCA sentence remains appropriate, and the Court will resolve this threshold issue prior to scheduling a sentencing hearing. The Government shall submit a sentencing memorandum regarding the applicability of ACCA, along with all supporting documentation, by April 4, 2019. The Defendant shall submit his response by May April 18, 2019.

BY THE COURT:

_Donetta F. Ambrose_
_____

Donetta W. Ambrose
Senior Judge, U.S. District Court